IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Vernon Lee Haygood, | ) | C/A No.: 3:14-3886-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| West Columbia Police Department, John King, William Norris, and Officer Cubelli, | ) ) ) ) | ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

Vernon Lee Haygood ("Plaintiff"), proceeding pro se and in forma pauperis, brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights by the West Columbia Police Department, John King, William Norris, and Officer Cubelli ("Defendants"). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.). This matter comes before the court on the following motions of Plaintiff: (1) motion to amend the complaint [ECF No. 26]; (2) motions for a subpoena [ECF Nos. 28, 29, 30]; (3) motion for a transcript [ECF No. 31]; and (4) motion for an extension of time to complete discovery [ECF No. 34].

I.     Motion to Amend the Complaint

Plaintiff seeks to amend the complaint to change "West Columbia Police Department" to "City of West Columbia." [ECF No. 26]. Defendants indicate that they do not oppose the clarification in the name. [ECF No. 33 at n 1]. Therefore, Plaintiff's

motion is granted to the extent that he seeks to correct the name of this defendant and the Clerk of Court is directed to amend the docket to reflect this change. No amended complaint or answer need be filed.

II.     Motions for Subpoenas

Plaintiff first requests a subpoena that appears to be directed to Defendants and requests a copy of his inmate records. The proper procedure for requesting documents from parties to a case is through Fed. R. Civ. P. 34, and not through the use of a subpoena. Further, discovery requests to parties should be served on opposing counsel and should not be filed with the court. Therefore, the undersigned denies Plaintiff's request for a subpoena for his inmate records as improper.

Plaintiff also requests a subpoena be issued to Dr. Gordon Bobbett and Mrs. Janice Lattrice McCoy Haygood. [ECF Nos. 29, 30]. The subpoena to Dr. Bobbett does not specify what Plaintiff seeks from him. The subpoena to Ms. Haygood requests her presence, but fails to specify a place, date, or time. Although a subpoena is the proper method for compelling attendance of a witness at trial, there are currently no hearings scheduled in this case. Further, Plaintiff has failed to provide the necessary witness fees, and there is no requirement under 28 U.S.C. § 1915 that the court pay costs incurred with regard to a subpoena such as witness fees. *See Badman v. Stark*, 139 F.R.D. 601, 604 (M.D. Pa. 1991) (inmates proceeding under 28 U.S.C. § 1915 are not entitled to have their discovery costs underwritten or waived); *see also Nance v. King*, No. 88-7286, 1989 WL 126533, at *1 (4th Cir. Oct. 18, 1989) (unpublished opinion); *United States Marshals Serv. v. Means*, 741 F.2d 1053, 1057 (8th Cir. 1984) (holding that 28 U.S.C. § 1915(c)

does not require government payment of witness fees and costs for indigent plaintiffs in § 1983 suits); *Johnson v. Hubbard*, 698 F.2d 286, 288–91 & nn. 2–5 (6th Cir. 1983) (lower courts have no duty to pay fees to secure depositions in civil, non-habeas corpus cases), *cert. denied*, 464 U.S. 917 (1983). There are costs associated with subpoenas for documents as well, such as the cost of the copies and the cost of serving the subpoenas. Therefore, because Plaintiff failed to specify what he seeks or tender the necessary fees for the subpoenas, Plaintiff's motions for subpoenas to Dr. Bobbett and Ms. Haygood [ECF No. 29, 30] are denied. If this case proceeds to trial, Plaintiff may seek leave to subpoena Dr. Bobbett and Ms. Haygood to testify after he has tendered the necessary witness fees and costs of service.

III.    Motion for Transcript

Plaintiff's motion for a transcript appears to request the transcript of a hearing in West Columbia Municipal Court. [ECF No. 31]. Plaintiff should request the transcript directly from West Columbia Municipal Court. To the extent Plaintiff seeks to have the court pay for the transcript, his motion is denied.

IV.    Motion for an Extension to the Discovery Deadline

Pursuant to the court's scheduling order in this case, the deadline for the completion of discovery expired on January 26, 2015, and dispositive motions were due by February 24, 2015. [ECF No. 22]. On February 24, 2015, Defendants filed a motion for summary judgment, and Plaintiff filed a motion requesting additional time to conduct discovery. [ECF No. 34]. Plaintiff's motion for an extension to the discovery deadline is untimely, as it comes a month after the discovery deadline expired. Further, Defendants

would be prejudiced by an extension, particularly in light of the fact that they have filed a motion for summary judgment. For these reasons, the court denies Plaintiff's motion to extend discovery.

V.     Conclusion

For the foregoing reasons, the court grants Plaintiff's motion to amend the complaint [ECF No. 26] and denies Plaintiff's motions for a subpoena [ECF Nos. 28, 29, 30], motion for a transcript [ECF No. 31], and motion for an extension of time to complete discovery [ECF No. 34]. Plaintiff's deadline for responding to Defendants' motion for summary judgment remains April 2, 2015.

IT IS SO ORDERED.

*Shiva V. Hodges*

March 3, 2015                                          Shiva V. Hodges
Columbia, South Carolina                     United States Magistrate Judge

4